**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RODNEY DERON JACKSON,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )     CIV-06-55-R |
| | ) |
| **CHARLES RAY,** | ) |
| | ) |
|     **Respondent.** | ) |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Robert E. Bacharach entered February 27, 2006 and Petitioner's "Response to Report and Recommendation" filed March 13, 2006. Petitioner objects to the recommended transfer of his second habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner asserts that 28 U.S.C. § 2244 allows review of a successive petition if it may be said that the "ends of justice" require it, *citing Embry v. Hershberger*, 106 F.3d 805 (8th Cir. 1997). Petitioner argues that the ends of justice require that his petition be heard because he never received a full and adequate review of his first petition and did not have the benefit of counsel in that case. He asserts that the Court should appoint counsel for him herein.

The opinion in *Embrey* cited by Petitioner was vacated, *see Embrey v. Hershberger*, 116 F.3d 826 (8th Cir. 1997) and on rehearing *en banc* the Eighth Circuit Court of Appeals affirmed the district court's dismissal of Embrey's successive habeas petition because the petitioner failed to make a showing of actual innocence. *See Embrey v. Hershberger*, 131

F.3d 739 (8th Cir. 1997), *cert. denied*, 525 U.S. 828, 119 S.Ct. 78, 142 L.Ed.2d 61 (1999). Thus, the *Embrey* case is of no assistance to Petitioner.

Section 2244 of Title 28 of the United States Code now provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court is without jurisdiction to consider a second or successive habeas petition such as that before it without prior authorization from the Tenth Circuit Court of Appeals. *See Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir.), *cert. denied*, 525 U.S. 1024, 119 S.Ct. 556, 142 L.Ed.2d 462 (1998). The appropriate action by this Court when a second or successive § 2254 petition has been filed without prior authorization from the Tenth Circuit Court of Appeals is a transfer of the action to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

In accordance with the foregoing, Petitioner's objection to the Report and Recommendation of the Magistrate Judge is without merit and the Report and Recommendation is ADOPTED in its entirety. Pursuant to 28 U.S.C. § 1631, this action is TRANSFERRED to the Tenth Circuit Court of Appeals.

**It is so ordered this 22nd day of March, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE